NOT FOR PUBLICATION (Doc. No. 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NOELA LYONS, | : |
| Plaintiff, | : Civil No. 11-4685 (RBK/JS) |
| v. | : **OPINION** |
| MATTLEMAN, WEINROTH & MILLER, P.C., | : |
| Defendant. | : |

This action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., comes before the Court on the motion of Mattleman, Weinroth & Miller, P.C. ("Defendant") to dismiss the Complaint of Noela Lyons ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has failed to state a claim upon which relief can be granted, Defendant's motion is granted.

I.  BACKGROUND

The FDCPA, 15 U.S.C. § 1692 et seq., provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices . . . ." 15 U.S.C. § 1692(a). The Third Circuit evaluates claims brought under the FDCPA according to a "least sophisticated debtor" standard, which "requires more than simply examining whether particular language would deceive or mislead a reasonable debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006) (internal quotation marks omitted) (emphasis added). In this matter, Plaintiff argues that Defendant used practices prohibited by the FDCPA to collect a debt from Plaintiff. Specifically, Plaintiff refers to a letter ("Collection Letter") she received from

Holly M. Whitney, a representative of Defendant debt collection agency on April 4, 2011. Letter from Holly M. Whitney, Mattleman, Weinroth & Miller, P.C., to Noela W. Lyons, April 4, 2011, Compl., Ex. A. The Collection Letter informed Plaintiff that Defendant had been retained by "Citibank (South Dakota), N.A., Citi AAdvantage World MasterCard," and that Plaintiff owed Citibank $15,938.87. The letter advised Plaintiff of the following: "Should you dispute the validity of this debt, or any portion thereof, you must advise us in writing within thirty (30) days of your receipt of this letter. If you fail to do so, we will assume the debt to be valid." Id. The Collection Letter also explained that, if Plaintiff did indicate in writing, within thirty days, that the debt or some portion thereof was disputed, Defendant would "mail [Plaintiff] verification of the debt, or, if applicable, obtain a copy of the judgment, and upon your written request [Defendant would] provide [Plaintiff] with the original creditor's name and address should it be different from the current creditor." Id. The Collection Letter advised Plaintiff that, should Plaintiff fail to respond within the allotted thirty-day period, Defendant would "recommend that [its] client commence an action against [Plaintiff] to protect its rights." Id. The letter further indicated to whom Plaintiff should make any payments payable, and made clear that "this communication is from a debt collector and any information we obtain will be used for the purpose of collecting this debt." Id. That point is reiterated at the bottom of the Collection Letter, in underlined boldface font set off by asterisks.

      The Complaint points to no correspondence with Defendant other than the Collection Letter. Plaintiff alleges that the Collection Letter violates the FDCPA in various ways, which are enumerated in Section III infra. Defendant has moved to dismiss on the grounds that Plaintiff's claim fails to state a claim upon which relief may be granted, and Plaintiff has opposed the motion.

**II.     STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a three-part analysis is needed.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1947 (2009)).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. (quoting Iqbal, 129 S. Ct. at 1950).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id. (quoting Iqbal, 129 S. Ct. at 1950). This plausibility determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1949.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  Id.

**III.    DISCUSSION**

Plaintiff alleges that Defendant's Collection Letter violates the FDCPA in the following seven ways, all contained in Count I of the Complaint:

(1) violation of the FDCPA "generally," Compl., ¶ 25(a);
(2) violation of section 1692d through Defendant's alleged harassment in connection with the collection, id. at ¶ 25(b);
(3) violation of section 1692e by "using false, deceptive or misleading representations" in connection with collection, id. at ¶ 25(c);
(4) violation of section 1692e(10) by using "false representations or deceptive means" in connection with collection or attempted collection, id. at ¶ 25(d);
(5) violation of section 1692f by using "unfair and unconscionable means to collect or attempt to collect a debt," id. at ¶ 25(e);
(6) violation of section 1692g "by engaging in collection activities and communications that overshadow the 30-day disclosure period in which consumers have to dispute the debt or request verification of the debt," id. at ¶ 25(f); and
(7) acting in an "otherwise deceptive, unfair and unconscionable manner" and "fail[ing] to comply with the FDCPA," id. at ¶ 25(g).

Plaintiff's allegations are the most specific with regard to (6) above—the alleged violation of section 1692g.

Section 1692g(a) of the FDCPA requires a debt collection communication to include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . ." 15 U.S.C. 1692g(a)(3). Plaintiff does not dispute that Defendant provided the required thirty-day notice. However, Plaintiff claims that Defendant violated the provision of section 1692g(b) that indicates that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. 1692g(b). According to Plaintiff's Complaint, Defendant's statement that, "should [Plaintiff] fail to respond within thirty (30) days, we will recommend that our client commence an action against

4

you to protect its rights," Compl., ¶ 19, "overshadows Plaintiff's rights to dispute the debt and/or request verification of the debt," id. at ¶ 20, in violation of section 1692g(b).

Plaintiff argues that "[a] debt collector violates the Act by giving a consumer conflicting deadlines if those deadlines result in overshadowing the notice required by 1692g of the consumer's right to a thirty day period in which to dispute the debt." Pl.'s Br. in Opposition to Motion to Dismiss ("Pl.'s Br. Opp."), 6. Plaintiff points to the case of Avila v. Rubin, where the Seventh Circuit found that, in a communication providing a debtor with the required notice that he had thirty days to dispute his alleged debt, that notice was overshadowed by a notice that the debtor had ten days to pay his debt if he did not dispute it. 84 F.3d 222 (7th Cir. 1996). Accordingly, the Avila Court found, that letter violated section 1692g of the FDCPA. Id. Plaintiff argues that "[i]f a ten (10) day period to take action was found to be confusing and overshadowing of the thirty (30) day time period to dispute the debt, then certainly, a thirty (30) day deadline after which Plaintiff will 'recommend' legal action, in conjunction with the thirty (30) day period set forth in § 1692g period [sic] would be enough to confuse and mislead the least sophisticated consumer." Pl.'s Br. Opp., 7.

The Court agrees with Defendant that Plaintiff's argument is nonsensical. In the instant matter, although Plaintiff argues "Defendant has provided Plaintiff with two (2) thirty (30) day time periods for which Plaintiff must take action," Pl.'s Br. Opp., 7, it is evident that only one thirty-day period was presented to Plaintiff. As Defendant points out, "[t]he debt collection letter simply and plainly advised Plaintiff of her right to respond within thirty-days [sic], at which time she may dispute the debt or demand verification thereof, otherwise Defendant will assume the debt to be valid and may thereafter recommend legal action to its client." Def.'s Reply Br., 2. It strains the imagination to wonder how the thirty-day period specified in the Collection Letter for

5

payment or dispute of the alleged debt could somehow "overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. 1692g(b).

Moreover, even if this Court were to interpret the Collection Letter as providing two thirty-day periods, it still does not violate section 1692g, because no "actual or apparent contradiction between" the deadlines is shown.  Wilson v. Quadramed Corp., 225 F.3d 350, 356 (3d Cir. 2000).  In Wilson, applying the least-sophisticated-consumer standard, the court found that a letter that gave the recipient the option of either paying a debt immediately and avoiding further action, or disputing the alleged debt within thirty days, did not violate section 1692g.  Id.  The Wilson Court "reject[ed] [the plaintiff's] argument that the statement affording him an opportunity to pay immediately and avoid further action is the equivalent of demanding payment within a period of less than thirty days."  Id. (internal quotation marks omitted).  Certainly, if the thirty-day notice is not overshadowed by a collection agency's demand of immediate payment in a situation where an alleged debtor does not dispute the debt, a collection agency's demand of payment within thirty days cannot overshadow the thirty-day notice.

Defendant points out that Plaintiff's other claims of violation of the FDCPA (enumerated as (1)-(5) and (7) supra) are "threadbare" allegations that fail to "provide the grounds for [Plaintiff's] entitlement to relief."  Def.'s Br. in Support of Motion to Dismiss ("Def.'s Br."), 6.  The Court agrees.  Plaintiff's Complaint fails to point to facts that support its contention that Defendant engaged in harassing conduct, or made false, deceptive, or misleading representations, or attempted to employ unfair or unconscionable means to recover the alleged debt, or otherwise engaged in conduct that was deceptive, unfair, or violative of the FDCPA.  Plaintiff's opposition brief explains that the alleged violations under sections 1692d, 1692e, 1692e(10), 1692f, or the

6

FDCPA generally flow from Defendant's the same conduct constituting a violation of section 1692g.  Pl.'s Br. Opp., 8.  That is, Plaintiff argues that the overshadowing of the statutorily required thirty-day period with another thirty-day period "is harassing under § 1692d, deceptive and misleading under § 1692e and § 1692e(10), unfair under § 1692f, and overshadowing of the mandated thirty (30) day time period to dispute the debt or to demand verification, which dilutes Plaintiff's rightsunder § 1692g."  Id.

The Court doubts that Plaintiff's Complaint, which quotes the relevant portions of the Collection Letter, claims a violation of section 1692g, and then alleges generally that "Defendant's actions in attempting to collect the alleged debt were harassing, misleading and highly deceptive," adequately pleads facts to support any of its legal allegations other than a violation of section 1692g.  Compl., ¶¶ 15-21.  Nor has Plaintiff shown that a violation of section 1692g may automatically constitute a violation of other provisions of the FDCPA.  However, the Court has found no overshadowing in the Collection Letter, and thus no claim for relief under section 1692g.  Accordingly, the Court need not proceed further with the analysis under other provisions of the FDCPA, since Plaintiff's brief explains that all violations of the FDCPA are alleged to have flowed from the claimed overshadowing.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's FDCPA claim is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to close the file.  An accompanying Order shall enter today.


Date:  5/7/2012                                              /s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge